The document below is hereby signed.

Signed: January 28, 2020



*S. Martin Teel, Jr.*
*signature*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RED & BLACK, LLC, | ) | Case No. 19-00627 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO VACATE ORDERS GRANTING
RELIEF FROM AUTOMATIC STAY AS TO LEASED PREMISES

On December 2, 2019, the debtor filed a *Motion to Vacate Order Granting Motion to Obtain Relief from Automatic Stay as to Leased Premises* (Dkt. No. 33) ("*Motion to Vacate*"). The *Motion to Vacate* requested that the court vacate its orders (Dkt. Nos. 27 and 28) entered on November 22, 2019, granting the respective motions for relief from stay of Triumph Real Estate, LLC, and 1210 Tavern on H Street, LLC (the "landlords") regarding leases of nonresidential real property under which the debtor is the lessee. On December 19, 2019, the landlords filed an opposition (Dkt. No. 37) to the debtor's *Motion to Vacate*. The court will deny the *Motion to Vacate* for the following reasons.

The debtor's *Motion to Vacate* argues that the court ought to

"amend[], alter[] or vacat[e]" its orders granting the landlords relief from the automatic stay in light of the debtor's providing proof (in the form of copies of checks) that it offered payment to the landlords, which the landlords refused.  However, the checks are dated November 27, 2019, which is after the court granted relief from the automatic stay.  They thus do not establish any error in the court's finding that the debtor had not remained current postpetition on rent payments.

Morever, the date of the checks falls more than 60 days after the commencement of this case on September 22, 2019. Pursuant to 11 U.S.C. § 365(d)(3), the debtor was obligated to timely perform obligations arising from and after the order for relief (arising here, under 11 U.S.C. § 301(b), upon the filing of the debtor's petition on September 22, 2019).  Under § 362(d)(3), the court does not have the authority to extend, beyond the 60th day after the date of the order for relief, the time to perform such obligations.  The debtor did not seek an extension of the time to make postpetition rent obligations and thus has violated § 365(d)(3) in not remaining current on paying rent postpetition.  In any event, even if an extension had been sought and an extension of 60 days had been granted, the checks are not evidence of an attempt to make payment *before* the expiration of the 60-day period.  The checks do not establish a basis for altering the court's finding that the debtor failed to

comply with § 365(d)(3), thus justifying relief from the automatic stay.

Moreover, the leases, being leases of nonresidential real property, are deemed rejected under 11 U.S.C. § 365(d)(4) because the debtor has not moved within 120 days after the order for relief (that is, by Tuesday, January 21, 2020, after the federal holiday of Monday, January 20, 2020) to assume the leases and did not seek to have an order entered within that 120-day period extending the 120-day deadline to assume the leases.  Under § 365(d)(4)(A), the consequence is that the debtor (as a debtor in possession subject under 11 U.S.C. § 1107(a) to the duties of a trustee) "shall immediately surrender [the leased properties] to the lessor[s]."  Keeping relief from the stay in place to allow the landlords to pursue eviction is entirely appropriate in that circumstance.

It is thus

ORDERED that the *Motion to Vacate Order Granting Motion to Obtain Relief from Automatic Stay as to Leased Premises* (Dkt. No. 33) is DENIED.

[Signed and dated above.]

Copies to: E-recipients.